Lancelane
1600 Hazen st
East Elmhurst, 11370

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 03 2013 ★

BROOKLYN OFFICE

Clerks off., 
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Bk, NY 11201

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

LANCE LANE,

           Plaintiff,    :

                         :      AMENDED COMPLAINT UNDER
                         :      42 U.S.C.A. § 1983 AND ALL
    - against -        :      OTHER VARIOUS SEPARATE CLAIMS
                         :      AND CAUSES OF ACTIONS.
CITY OF NEW YORK; N.Y.P.D.  :
DETECTIVE JOHN KENNY, Shield  :
#6292; N.Y.P.D. DETECTIVE     :
MICHAEL HABERT, Shield #      :
and LIEUTENANT DAVID CAGNO,  :      12-CV. 3580
Shield #      , all from  :
the N.Y.P.D. 60th Precinct,  :      [WFK]  [LB]     **ORIGINAL**

          Defendants.   :

## JURISDICTION

1.   This Court has jurisdiction over all claims both federal and state under Title(s) 42 U.S.C.A. §1983, §1985, and §1986, and Title 28 U.S.C.A. §1331, and 28 U.S.C.A. §1367 in regards to plaintiff's non-federal claims within the complaint which are so related to the federal claims as to form part of the same case or controversy within the meaning of Article III of the U.S. Constitution, so that this Court may exercise supplemental jurisdiction over those non-federal claims under said Title supra.

## JURY TRIAL

2.   Plaintiff demands a jury trial on all issue(s) and claims, as to each separate cause(s) of actions.



PARTIES

3.   Plaintiff Lance Lane, prior to the allegations complained of, resided at 3025 West 32nd Street, Brooklyn, New York, and has been a resident there for more than 17 years.

4.   Defendant(s) John Kenny ("Kenny"), Michael Habert ("Habert"), are currently employed, on active duty, and patrolling the streets of New York City, as N.Y.P.D. officer's with the supervisory rank of Detective.

5.   Defendant David Cagno ("Cagno"), is currently employed as an N.Y.P.D. officer, with the supervisory rank of Lieutenant.

6.   Defendant City of New York is a Municipality, and is being sued under "Monell" claims.

7.   All defendant(s) herein named are being sued in their individual capacity throughout the entire pleadings.

STATEMENT OF FACTS

8.   On April 1, 2011, at around 3 a.m., three New York City Police Officer's were fired upon after making an alleged felony stop.  This occurred after a foot chase had ensued.

9.   Plaintiff during this foot chase who never fired at the officer's, tried to throw away a gun, and accidently shot himself in the right upper leg.

10. Shortly thereafter, plaintiff was found inside of his friends house and escorted by police to the 60th precinct. Upon a search of the plaintiff inside the precinct, officer's noticed alot of bleeding and a bullet hole in the plaintiff's right upper leg. This was about 7:30 a.m.

11. Plaintiff was then turned over to defendant Kenny and Habert (previously mistaken as Elsenberg), who stated "to bad the bullet wasn't in your chest nigger. Fucking apes."

12. Plaintiff asked Kenny if he could go to the hospital because of the burning pain. Without warning, Kenny slapped plaintiff's leg very hard over the area of the bullet wound, causing the plaintiff to scream out loud in extreme pain.

13. Kenny stated immediately after, "no hospital nigger, until you confess to me what happened this morning with names, places and dates."

14. Plaintiff immediately told Kenny that his mother was on the job as a New York City Corrections Officer. Habert then stated, "we're ya moma now nigger." Habert with out warning, punched the plaintiff in his face and said "start talking nigger. That's what you call each other right?"

15. Kenny stated "that's because you can't educate monkey's."

16.  Plaintiff then went on to ask for a lawyer. Habert said "you want a what?"  I repeated "a lawyer."

17.  Habert had gotten up and walked behind plaintiff, and immediately started choking plaintiff hard in a full sleeper hold, at that exact moment, Kenny punched the plaintiff in his stomach and then right into the bullet hole with his fist.

18.  I couldn't cry out from the extreme pain, due to the continued choking.  The pain in my leg was like every nerve in my body was on fire, as if all my teeth were being pulled out one by one with no pain killers.

19.  Habert then let the plaintiff go at which time the plaintiff began to beg for mercy.

20.  Kenny then told plaintiff that he would be back. Just before Kenny left, plaintiff asked for water, Kenny said "drink your blood asshole."  Habert stayed behind with me.

21.  Twenty [20] minutes later, Kenny came back with a night stick in his hands, and started swinging it through the air.

22.  Kenny then stated that he wanted to hit a home run on plaintiff's injured leg.  However, plaintiff was never hit with the night stick, but the beatings and the racial slurs continued.

23.  At around 12:50 p.m., the plaintiff finally

agreed to do and say anything Kenny and Habert wanted, in order to stop the beatings and to get medical treatment that I desperately needed for my leg.

24. Plaintiff agreed to the proposed oral statements of Kenny and took them as his own.

25. At about 1:20 p.m., plaintiff was taken to the Luterian hospital by F.D.N.Y. ambulance for medical treatment urgently needed.

26. On arrival back to the 60th precinct, plaintiff was brought back to Kenny who told me someone was gonna be there to video tape my sworn confession and that it better be believable or he could make it look like I grabbed for an officer's gun and he had to shoot me in the head.

27. Plaintiff did not doubt what Kenny said, and did what he was told when he went before Assistant District Attorney ("ADA") Lewis Lieberman, at the 11:00 p.m. video confession.

28. The Court is directed to Exhibit(s) "A," "B,"and "C," which are on the defendant's very own stationary showing the time plaintiff came into the precinct and the time plaintiff was first ever, sent to the hospital after 1:15 p.m., some five [5] hours later after being in custody.

29. Exhibit "C" shows that the allegations of the denial of medical treatment immediately was substantiated by the Civilian Complaint Review Board of the N.Y.P.D.

## AS FOR A FIRST SEPARATE CAUSE OF ACTION

### MONELL CLAIMS

30.  Plaintiff repeats the averments contained in paragraph(s) 1 through 28, as if fully stated herein.

31.  Defendant City of New York ("City"), failed to properly train, their police department employees on the proper use of force techniques.

32.  Defendant City also allowed a policy or custom to be implimented and or carried out, or practiced within its police department to wit, denying criminal suspects their urgent need for medical attention, until after the desired results of their interrogations were met.

33.  Defendant City knew or should have known that this type of conduct, custom, unwritten policy, practice, was taking place within their police department agency.

WHEREFORE, plaintiff Lance Lane, will respectfully demand TWO MILLION DOLLARS ($2,000,000.00.), from the City defendants policy, rules, customs, unwritten practices, supra by its employees in regards to interrogation techniques.

### AS FOR A SECOND SEPARATE CAUSE OF ACTION

### DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS FROM A BULLET WOUND

34. Plaintiff repeats the averments contained in paragraph(s) 1 through 28, as if fully stated herein.

35. Kenny and Habert, both acting in concert with Cagno, willfully deprived the plaintiff of his civil rights by denying him seriously needed medical attention for almost five and half hours [5½], to wit, a bullet wound to his upper right leg.

36. Both Kenny, Habert, and Cagno, were both deliberately indifferent to plaintiff's serious medical needs. They used the plaintiff's injuries against him to get the desired results of a confession.

37. Both Kenny, Habert and Cagno violated the plaintiff's clearly established rights, under the 8th and 14th Amendments. Furthermore, to show that the plaintiff's right's were violated, the Civilian Complaint Review Board for the New York City Police Department, found in favor of the plaintiff, after a thorough investigation, that medical treatment was delayed. [see, Exhibit "C."]

WHEREFORE, plaintiff Lance Lane, will respectfully demand TWO MILLION DOLLARS ($2,000,000.00.), from each of the defendants [Kenny], [Habert], and [Cagno], for pain and suffering, and denial of proper medical treatment some 5½ hours later. Said conduct was wilful, and intentional.

### AS FOR A THIRD SEPARATE CAUSE OF ACTION
### EXCESSIVE USE OF UNNECESSARY FORCE

38. Plaintiff repeats the averments contained in paragraph(s) 1 through 28, and 35 through 37, as if fully stated herein.

39. Kenny, Habert, both used unnecessary excessive force on the plaintiff to get a confession by beating the plaintiff from 8 a.m. to 12:50 p.m., particularly hitting the plaintiff in his open gunshot wound.

40. Said conduct caused plaintiff pain, suffering, fear, and anxieties. Said conduct violated plaintiff's clearly established rights under the 8th and 14th Amendments.

WHEREFORE, plaintiff Lance Lane, will respectfully demand ONE MILLION DOLLARS ($1,000,000.00.), from each defendant (Kenny) and (Habert), for pain and suffering, mental anguish, and violation of the 8th and 14th said Amendments of the plaintiff's civil rights.

## AS FOR A FOURTH SEPARATE CAUSE OF ACTION
### EQUAL PROTECTION OF LAW

41. Plaintiff repeats the averments contained in paragraph(s) 1 through 28, and 35 through 37, as if fully stated herein.

42. Kenny, Habert and Cagno, did in fact violate plaintiff's 14th Amendment rights, by denying him Equal Protection of law, enjoyed by every other citizen.

43.  Kenny, Habert and Cagno, did in fact, deny plaintiff immediate medical treatment, due process of law, beat and tortured plaintiff in addition to fear, <u>until</u> a confession was given five and half [5½] hours later, as well as denied plaintiff an attorney, that was requested two times as soon as questioning began.

WHEREFORE, plaintiff Lance Lane will respectfully demand ONE MILLION DOLLARS ($1,000,000.00.), from <u>each</u> defendant (Kenny), (Habert) and (Cagno), for violating the plaintiff's 14th Amendment rights.

<u>AS FOR A FIFTH SEPARATE CAUSE OF ACTION</u>

<u>CONSPIRACY</u>

<u>42 U.S.C.A. §1985[3]</u>

44.  Plaintiff repeats the averments contained in paragraph(s) 1 through 28, and 35 through 37, as if fully stated herein.

45.  Defendant Cagno did in fact conspire with said defendant's Kenny, and Habert, in violating plaintiff's civil rights, to wit, by denying said plaintiff from exercising his right and privilege(s) to:

    a.  have an attorney upon request in accordance to those said rights and privilege(s);

    b.  receive prompt medical treatment from an <u>obvious</u> serious gun shot wound, in <u>accordance</u> to those said rights and privilege(s);

c.    not to be beaten, assaulted, nor to
      have excessive force used against a
      non-threatening plaintiff;  and

d.    not to be intimidated through fear,
      beatings, and very real threats of
      killing the plaintiff in the precinct
      if he did not do what he was told to
      do in regards to making a statement.

46.  All three defendant(s), did deliberately, with
the clear intentions, even when they knew or should have
known that the law was clearly established at the time of
their deliberate and intentional acts, conspired and carried
out such conspiracy by denying plaintiff medical treatment,
an attorney and using excessive force against plaintiff
without just cause.

47.  Said defendant's acts of conspiracy, were done
jointly/together for the sole purpose of depriving the
plaintiff of his civil right's and privilege(s) enjoyed by
every U.S. citizen.

48. Plaintiff suffered actual pain and suffering
during and after said conspiracy, which said conspiracy
carried out by said defendant(s), caused the plaintiff to
be beaten in his fresh gun shot open wound in his leg, and
denied medical attention and an attorney until he made a
forced statement and video tape for the police defendant(s).

WHEREFORE, plaintiff Lance Lane, will respectfully
demand ONE MILLION DOLLARS ($1,000,000.00.), from each
defendant named supra, in this Fifth separate cause of action

for pain and suffering, denial of medical treatment and
an attorney in violation of plaintiff's 8th and 14th said
Amendment rights.

## AS FOR THE SIXTH SEPARATE CAUSE OF ACTION

### NEGLECT TO PREVENT CONSPIRACY

#### 42 U.S.C.A. §1986

49.  Plaintiff repeats the averments contained in
paragraph(s) 1 through 28, and 35 through 37, as if fully
stated herein.

50.  Defendant's Kenny, Habert and Cagno all
conspired, knew of said conspiracy, and participated in said
conspiracy act together.

51.  Kenny, Habert, and Cagno had the power to stop
each [o]ther from violating plaintiff's civil right's which
caused the plaintiff to suffer extreme pain by delaying
medical attention urgently needed by the plaintiff Lance
Lane.  Said delay was done intentionally.

52.  Defendant Cagno, at the time, had supervisory
rank of Lieutenant, and with such rank, could have oredered
or taken direct action to prevent or aid in [t]he prevention
of said conduct and conspiracy.

53.  Defendant Cagno, whom was aware of the said
conspiracy and conduct of his subordinates [Kenny], [Habert],
did in fact participate and [r]efused to take any action on
the plaintiff's behalf.

WHEREFORE, plaintiff Lance Lane, will respectfully demand TWO MILLION DOLLARS ($2,000,000.00.), from each defendant (Kenny), (Habert), and (Cagno), for the acts of conspiracy and neglect in preventing it, which was the direct cause, of the plaintiff's pain and suffering and a five and a half [5½] hour delay in medical treatment of a gun shot wound, and denial of an attorney, in violation of 42 U.S.C.A. §1986.

### AS FOR A SEVENTH SEPARATE CAUSE OF ACTION
### INTENTIONAL ASSAULT

54.  Plaintiff repeats the averments contained in paragraph(s) 1 through 28, and 35 through 37, as if fully stated herein.

55.  Kenny and Habert did commit assault with the intent to cause serious injury to an obvious pre-existing open bleeding gun shot wound.

56.  Both Kenny and Habert caused the plaintiff pain and suffering through their [i]ntentional assault.

57.  If it had not been for Kenny and Habert's said intentional assault, plaintiff would not have been in said extreme pain and suffering and would have received prompt immediate medical attention and treatment.

WHEREFORE, plaintiff Lance Lane, will respectfully demand ONE MILLION DOLLARS ($1,000,000.00.), for the

<u>intentional</u> <u>assault</u> of the plaintiff, which caused him (plaintiff), pain and suffering.

<u>AS FOR THE EIGHTH FINAL SEPARATE CAUSE OF ACTION</u>

<u>NEGLIGENCE</u>

58. Plaintiff repeats the averments contained in paragraph(s) 1 through 28, 35 through 37, and 39 through 40, as if fully stated herein.

59. Defendant's Kenny, Habert, and Cagno, were all negligent in their duties has N.Y.P.D. ofrficer's, and did in fact fail to provide immediate medical attention to the plaintiff.

60. Defendant's Kenny, Habert, and Cagno, were negligent in their conduct toward the plaintiff by their failure to refrain from physical abuse of the plaintiff.

61. Any prudent person in their position would have taken the proper course necessary in regards to the plaintiff's health and safety.

62. Defendant's Kenny, Habert, and Cagno's negligent conduct, caused the plaintiff extreme pain and suffering.

63. Through defendant's Kenny, Habert and Cagno's negligent conduct, plaintiff was denied his basic human right's.

64. Defendant's Kenny, Habert, and Cagno's said negligent conduct, was the [d]irect cause of the plaintiff's

injuries and pain and suffering, through no [fault] of the plaintiff.

WHEREFORE, plaintiff Lance Lane, will respectfully demand TWO MILLION DOLLARS ($2,000,000.00.), from each defendant (Kenny), (Habert) and (Cagno), which by and/or through their negligent conduct, caused plaintiff pain and suffering, that a prudent person in their position would not have done in a similiar circumstances, and whatever relief the Court deems just and proper in this action.

### 28 U.S.C.A. §1746

I, LANCE LANE, hereby state under the penalty of perjury, that the above AMENDED COMPLAINT, is true and correct to the best of my personal knowledge as I know them to be true.

Dated: September 7th, 2012
Bronx, New York


_Lance Lane_
LANCE LANE, #141-11-04489
Plaintiff, Pro se.
OBCC/ANNEX 1-North Housing
1600 Hazen Street
East Elmhurst, New York 11370

KINGS COUNTY DISTRICT ATTORNEY
Kings County
CHARLES J. HYNES

THE PEOPLE OF THE STATE OF NEW YORK
- against -

LANCE LANE
                    Defendant

Docket/Indictment: 2011KN028248 / 2771/2011

- - - - - - - - - - - - - - - - - - - - - - - - - -

## VOLUNTARY DISCLOSURE FORM

Form prepared by: _ADA Lewis Lieberman_____     Date: 6/3/2011_____

Form served by: Upon: _____     Date: _____

(1) Approximate date, time and place of offense:

| Offense | Date | Time | Place |
|---|---|---|---|
| ATT. AGG. ASSAULT ON A P.O.; ATT ASSAULT 1; | TPO #2  4/1/11 | APPROX 0200 | I/F/O 335 57TH ST |
| ROBBERY 1; ROBBERY 2; ROBBERY 3; | TPO #1  4/1/11 | APPROX 0330 | O/S 3020 SURF |
| CPW 2 (4 COUNTS); CPSP 5 | | | |

(2) Approximate date, time and place of arrest:

|  | Date | Time | Place |
|---|---|---|---|
| Defendant #1: | 4/1/11 | APPROX 0700-0800 | 3020 Surf Ave, #8F |

(3) Arresting Officer:  Name         Shield       Command

| Defendant #1: | DT JOHN KENNY | 6292 | 60 SQD |
| AND | DT. MITCHELL EISENBERG | 5176 | 72 SQD |

(4) Other police officers, excluding any officer whose identity must be confidentially known by the prosecutor to have been present at the time of arrest.

Name         Shield       Command

Defendant #1: __Will be provided__

EX "A"

## FACTUAL SYPNOSIS

On 4/1/11 at approximately 0130 hours, 3 plainclothes POs in unmarked RMP stopped an Ultima by using their lights in v/o Surf Ave at the Coney Island Houses. Three individuals exited vehicle and ran. Driver Santana stayed in the car. Sgt Brofsky told the three to stop, identified himself as a P.O., and followed DEF, who was running away from him. DEF fired at Sgt a total of three times as Sgt pursued DEF. Sgt fired 8 shots. DEF ran to 3020 Surf Ave, and is captured on videotape entering building, Sgt following behind.

Both Sgt and PO Feliciano recognized DEF.

A .380 automatic was recovered in the incinerator at 3030 Surf, an adjacent building. DEF lives at 3025 Surf. Bloody clothes were also recovered in that incinerator.

Pursuant to warrant, Ultima was searched. A cell phone belonging to a robbery victim who described the getaway car as an Ultima was recovered in the back seat. Line-ups pending. That robbery took place about two hours earlier in the 72nd pct. (see additional information)

DEF apprehended several hours later by Warrants at friend Tajh Preacher's apartment, 2F at 3020. After ½ hour speaking with Dts, DEF stated he had a bullet in his leg. EMT brought him to Lutheran, where he was treated and released. The bullet entered DEF's thigh, and is lodged in his lower leg. DEF claims he shot himself when gun went off accidentally in the lobby of 3020, later stating he shot himself outside, and might have accidentally shot twice.

## IDENTIFICATION

No identification procedures were performed. Both Sgt Brofsky and PO Feliciano recognized DEF when he exited vehicle. He is well known in the 60

## STATEMENT

DEF made a videotaped statement, R11-0033 to ADA Lew Lieberman at 2300 hours at 60 Sqd. Also present Dt. John Kenny. 20 minutes in length

In sum and substance, DEF said he and his 3 friends parked their car, he got out of car, saw a car behind them, feared for his safety, and started running. He had his gun in his hand when it accidentally went off once, maybe twice, as he ran. The PO then shot at him. He went to friend Raj's house, realized he was bleeding, and changed his clothes. The clothes were either thrown in the incinerator by Raj or they are still at Raj's house. DEF threw his gun into the incinerator.

DEF made a similar, shorter, mirandized oral statement to Dt Kenny at 60 sqd at about 1:00 pm, which was cut short when DEF went to Lutheran hospital.





CIVILIAN COMPLAINT REVIEW BOARD
40 RECTOR STREET, 2ND FLOOR
NEW YORK, NEW YORK 10006 ♦ TELEPHONE (212) 442-8833
www.nyc.gov/ccrb

MICHAEL R. BLOOMBERG
MAYOR

JOAN M. THOMPSON
EXECUTIVE DIRECTOR

## EXPLANATION OF BOARD FINDINGS

**Exonerated** - the officer's actions were permitted.

**Miscellaneous** - the officer has left the police department.

**Officer Unidentified** - it is unclear who committed the alleged misconduct.

**Substantiated** - the officer committed misconduct.*

**Unfounded** - the officer did not do what was alleged.

**Unsubstantiated** - it is unclear whether misconduct occurred.

If you have new evidence, not previously available to the CCRB, or a previously unavailable or uncooperative witness becomes available, the Board may be willing to reopen your case if such new evidence may reasonably lead to a different finding. To request that the Board reopen your case in such circumstances, please detail the new evidence and request in a letter addressed to Graham Daw, Agency Counsel, at the above address, as soon as possible.

---

*The Board may, when it substantiates an allegation, make one of the following recommendations:
Instructions: The officer should receive instructions as to how the situation should have been handled.
Command discipline: The officer should receive discipline at the local command level, which may range from instructions to the loss of up to ten days' pay.
Charges and specifications: Charges should be filed against the officer, which may result in an administrative hearing and a penalty more severe than a command discipline.

EX "C"





# CIVILIAN COMPLAINT REVIEW BOARD
### 40 RECTOR STREET, 2ND FLOOR
### NEW YORK, NEW YORK 10006 ◆ TELEPHONE (212) 442-8833
### www.nyc.gov/ccrb

**MICHAEL R. BLOOMBERG**
**MAYOR**

**JOAN M. THOMPSON**
**EXECUTIVE DIRECTOR**

July 19, 2012

Mr. Lance Layne
3025 West 32nd Street 10G
Brooklyn, NY 11224

Re: CCRB case number 201104981

Dear Mr. Layne:

Following a thorough and impartial investigation by the Civilian Complaint Review Board's investigative staff, the Board reviewed the evidence regarding the above-referenced complaint. I am now writing to inform you of the Board's findings on the allegation(s) raised by this complaint.

Allegation(s) by letter :                                    Board finding(s) :

A)      Abuse of Authority:                        
        ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

B)      Force:
        Detective John Kenny used                  Unsubstantiated
        physical force against Lance Layne.

C)      Force:
        Detective Michael Habert used              Unsubstantiated
        physical force against Lance Layne.

D)      Discourtesy:
        Detective John Kenny                       Unsubstantiated
        spoke obscenely to Lance Layne.

E)      Force:
        Detective John Kenny used a                Unsubstantiated
        chokehold against Lance Layne.

EX "C"

F)      Abuse of Authority: 
        Detective ~~...~~
        medical treatment of Lance Layne.

Substantiated (Charges)

G)      Abuse of Authority:
        Detective ~~...~~
        medical treatment of Lance Layne.

Substantiated (Charges)

H)      Other:
        Lieutenant David Cagno failed
        to prepare a memo book entry as required.

Other Misconduct

I)      Other:
        Detective John Kenny failed to
        prepare a memo book entry as required.

Other Misconduct

J)      Other:
        Detective Michael Habert failed
        to prepare a memo book entry as required.

Other Misconduct



For an explanation of Board findings, please refer to the enclosed form, which details what each finding means.

In this case, the Board substantiated one or more allegations raised by the complaint. Under New York City law, the Civilian Complaint Review Board has the authority to investigate certain types of complaints against police officers, make findings of fact, and forward its recommendations to the Police Commissioner. Only the Police Commissioner has the authority to actually impose discipline against a police officer. Consequently, the CCRB is forwarding this case to the Police Commissioner and the Department Advocate's Office of the New York City Police Department, which is responsible for prosecuting administrative charges against police officers. Please be aware that in certain cases police officers are entitled by law to an administrative hearing before the Department can impose disciplinary penalties; in such a case you may be asked by the Department Advocate's Office to testify at an administrative proceeding.

If you have any questions about the current status of your case at the Police Department, please contact Lisa Bland at (646)-610-5483. Mrs. Bland is the chief of the unit at the Department Advocate's Office assigned to prosecute cases substantiated by the Civilian Complaint Review Board.

The integrity and quality of the Police Department's service to the public depends, in large part, upon receiving information regarding the performance of police officers as they carry out their duties. The Civilian Complaint Review Board appreciates your willingness to participate in this extremely important process.

Sincerely,

Joan M. Thompson
Executive Director

EX "C"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LANCE LANE

_____
*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s))*

- against -

CITY OF NEW YORK, JOHN
KENNY, MICHAEL HABERT,
and DAVID CAGNO

_____
*(In the space above enter the full name(s) of the defendant(s)/respondent(s))*

12 Civ. 3580 (  ) (  )
(WFK) (LB)

**AFFIRMATION OF SERVICE**

I, LANCE LANE , declare under penalty of perjury that I have
*(name)*

served a copy of the attached Amended Complaint w/ Application letter
to Judge William F. Kuntz II, *(document you are serving)*
upon LIZA SOHN Asst. Corp counsel whose address is LAW DEPARTMENT
*(name of person served)*
Special Federal litigation DIVISION - 100 Church St, NYNY 10007
*(where you served document)*
by Mailing Same from a U.S. Postal Box within OBCC
*(how you served document: For example - personal delivery, mail, overnight express, etc.)*
located on Rikers Island and by first Class mail.

Dated: Bronx , NY
      *(town/city)*   *(state)*
December 18, 2012
*(month)*  *(day)* *(year)*

X. Lance Lane
*Signature*
OBCC/Annex - 1600 Hazen St (1 North)
*Address* East Elmhurst
~~Bronx~~, New York
*City, State*
11370
*Zip Code*
1347 - 492 - 4501
*Telephone Number*

*Rev. 05/2010*

RECEIVED
JAN - 3 2013
PRO SE OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

\_\_\_\_ Civ. \_\_\_\_\_ (\_\_) (\_\_)

- against -

**AFFIRMATION OF SERVICE**

_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

I, _____, declare under penalty of perjury that I have
             *(name)*

served a copy of the attached _____
                                          *(document you are serving)*

upon _____ whose address is _____
            *(name of person served)*

_____
                        *(where you served document)*

by _____
        *(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: _____, _____
            *(town/city)*          *(state)*

_____ _____, 20___
   *(month)*      *(day)*  *(year)*

_____
Signature

_____
Address

_____
City, State

_____
Zip Code

_____
Telephone Number

*Rev. 05/2010*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LANCE LANE,

    Plaintiff( )

    - against -

CITY OF NEW YORK, et al.,

    Defendant(s )

12-CV-3580 [WFK] [LB]

PLAINTIFF'S AMENDED COMPLAINT

Mr. Lance Lane
#141-11-04489
Plaintiff, Pro se.
OBCC/ANNEX 1-North Housing
1600 Hazen Street
East Elmhurst, New York 11370

Liza Sohn, Esq.
Assistant Corporation Counsel
LAW DEPARTMENT CITY OF N.Y.
100 Church Street
New York, New York  10007

Mr. Lance Lane
#141-11-04489
Plaintiff, Pro-Se
OBCC/Annex 1 NOrth 34
1600 Hazen Street
East Elmhurst N.Y. 11370



1

2  Clerks Office
   U.S. District Court
3  Eastern District of New York
   225 Cadman Plaza East
4  Brooklyn, N.Y. 11201

5

6            Re:Lane v. City of New York, et al,.
7                 12-cv-03580 (WFK) (LB)

8  Dear Sir/Madame:

9       Please find enclosed for filing the plaintiff's Amended

10 Complaint, and Application letter to Judge Kunz, II. Please,

11 also find enclosed for filing, the affirmation of service

12 upon the opposing counsel Ms. Liza Sohn attesting under oath

13 exact copies of same produced upon her.

14      Please send notification of same or a copy of my docket

15 sheet showing entry of same. The Amended Complaint is to be

16 forwarded to Judge Kunz,II as well for the courts review.

17      Thank you, for your prompt response and full attention

18 to the matters presently before you.

19
   Dated December 18. 2012                  Very Truly Yours,
20        East Elmhurst N.Y.

21                                           Lance Lane
                                             Mr. Lance Lane
22                                           #141-11-04489
                                             Plaintiff, Pro-Se
23 cc: Ms. Liza Sohn                         OBCC/Annex 1 North 34
       Assistant Corporate Counsel          1600 Hazen Street
24     100 Church Street                     East Elmhurst N.Y.11370
       New York. N.Y. 10007
25